UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | Case No. 09-CR-312(4) (PJS/FLN) |
|---|---|
| Plaintiff, | Case No. 12-CV-1625 (PJS) |
| v. | ORDER |
| NATHAN LAMAR STEWART, | |
| Defendant. | |

Nathan Lamar Stewart, pro se.

David P. Steinkamp, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Nathan Lamar Stewart and his coconspirators robbed the same bank three times: on April 13, 2009, May 8, 2009, and July 28, 2009.  Stewart was charged with three counts of aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a).  Specifically, count 1 of the second superseding indictment charged him with the April 2009 robbery, count 3 charged him with the May 2009 robbery, and count 5 charged him with the July 2009 robbery.  *See* ECF No. 80.  Stewart was also charged with two counts of aiding and abetting possession of a firearm during a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c).  Specifically, count 2 charged him with possessing a gun in connection with the April 2009 robbery (the robbery that had been charged in count 1), and count 4 charged him with possessing a gun in connection with the May 2009 robbery (the robbery that had been charged in count 3).  In exchange for Stewart's guilty plea to counts 1, 2, 3, and 5, the government dismissed count 4.

On October 26, 2010, this Court sentenced Stewart to 120 months' imprisonment for each of the three bank-robbery convictions — the three sentences to be served concurrently — and to

84 months' imprisonment (the mandatory minimum under § 924(c)(1)(A)(ii)) for the firearms conviction — that sentence to be served consecutively to the bank-robbery sentences — for a total sentence of 204 months. The Eighth Circuit affirmed Stewart's sentence on June 27, 2011. *See United States v. Stewart*, 643 F.3d 259, 261 (8th Cir. 2011).

This matter is before the Court on Stewart's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Stewart contends that his counsel was ineffective for failing to object to two enhancements that were applied in calculating his recommended sentence under the United States Sentencing Guidelines. Specifically, Stewart contends that his counsel should have objected to application of a 5-level enhancement (for brandishing a firearm during a robbery, *see* U.S.S.G. § 2B3.1(b)(2)(C)) to the conviction under count 3, and to application of a 4-level enhancement (for using a dangerous weapon during a robbery, *see* U.S.S.G. § 2B3.1(b)(2)(D)) to the conviction under count 5. Stewart argues that these firearms enhancements should not have been applied because he was already sentenced under § 924(c) for possessing a firearm during a crime of violence.

Stewart is correct that, under Application Note 4 to U.S.S.G. § 2K2.4 (Amendment 599), when a defendant is convicted *both* of the underlying crime of violence *and* of violating § 924(c) by possessing a firearm in connection with that underlying crime of violence, the defendant's possession of the firearm cannot be used to enhance the defendant's sentence for the underlying crime of violence. *See* U.S.S.G. § 2K2.4 cmt. 4 ("If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense."); *United States v. Bell*, 477 F.3d 607, 615

(8th Cir. 2007) ("The Guidelines prohibit adding gun-related offense characteristic enhancements for an offense underlying a § 924(c) conviction . . . because the § 924(c) conviction already carries statutorily required incremental punishment . . . ."). This prohibition is meant to avoid punishing a defendant twice for the same conduct. *See United States v. Friend*, 303 F.3d 921, 922 (8th Cir. 2002).

Here, though, Stewart was convicted both of the underlying crime of violence and of violating § 924(c) by possessing a firearm in connection with that underlying crime of violence with respect to only one of the three robberies: the robbery that occurred in April 2009. And, pursuant to Application Note 4 to U.S.S.G. § 2K2.4, the Court properly declined to apply a 5-level enhancement in calculating Stewart's guidelines range under count 1 for the robbery, because Stewart's use of a gun during the April 2009 robbery was already punished by the 7-year mandatory-minimum sentence that was imposed under count 2 for violating § 924(c).

But with respect to the May 2009 and July 2009 robberies, Stewart was *not* convicted of both the underlying crime of violence and of violating § 924(c) by possessing a firearm in connection with that underlying crime of violence. With respect to the May 2009 robbery, Stewart was originally charged with both the robbery (in count 3) and possessing a firearm in connection with the robbery (in count 4), but the government later dismissed the firearms charge. With respect to the July 2009 robbery, Stewart was charged only with the robbery (in count 5); he was never even charged with possessing a firearm in connection with the robbery. Therefore, the Court was correct in applying the 5-level enhancement in calculating the guidelines range for the robbery charged in count 3, and the 4-level enhancement in calculating the guidelines range for the robbery charged in count 5. As the Sentencing Guidelines make clear, "if a defendant is

convicted of two armed bank robberies, but is convicted under 18 U.S.C. 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. 924(c) conviction." U.S.S.G. § 2K2.4 cmt. 4. That is precisely what happened in Stewart's case.

Stewart appears to argue that the robberies charged in counts 3 and 5 were, like the robbery charged in count 1, "part of the offense that constituted his § 924(c) conviction." ECF No. 205 at 5. Stewart is mistaken. Again, Stewart was convicted of possessing a firearm during the robbery charged in count 1 (the April 2009 robbery), not for possessing a firearm during the robberies charged in counts 3 and 5 (respectively, the May 2009 and July 2009 robberies). As noted, Stewart was originally charged (in count 4) with possessing a firearm during the robbery charged in count 3 (the May 2009 robbery). If Stewart had been convicted of that firearms charge, then the 5-level enhancement for brandishing a firearm would not have applied to count 3. But that would have done Stewart little good, as he would have faced an additional 25-year mandatory-minimum sentence for the second § 924(c) conviction. *See* 18 U.S.C. § 924(c)(1)(C)(i); *see also United States v. Bowers*, 638 F.3d 616, 620 (8th Cir. 2011) (explaining that, for purposes of the 25-year mandatory-minimum sentence, a "'second or subsequent conviction' can occur in the same proceeding" (internal citations omitted)). Fortunately for Stewart, his counsel negotiated a very favorable plea deal under which the government agreed to dismiss count 4, thus sparing Stewart an additional 25 years of imprisonment.

In sum, because the firearms enhancements were properly applied to counts 3 and 5, Stewart's counsel was not ineffective for failing to object to application of those enhancements.

Stewart's motion under § 2255 is therefore denied. No evidentiary hearing is necessary because the motion and the files and records of this case conclusively show that Stewart is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Nathan Lamar Stewart's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [ECF No. 204] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 6, 2012         s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge